

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00589-CV

Brenda **COLLIER**,
Appellant

v.

**COPPERMILL**,
Appellee

From the County Court At Law No. 10, Bexar County, Texas
Trial Court No. 2024CV05385
Honorable Timothy Johnson, Judge Presiding

PER CURIAM

Sitting:    Beth Watkins, Justice
            Liza A. Rodriguez, Justice
            Lori I. Valenzuela, Justice

Delivered and Filed: November 20, 2024

DISMISSED FOR WANT OF JURISDICTION

Appellant filed a notice of appeal from a forcible detainer judgment signed on August 2, 2024. The clerk's record, which was filed on September 12, 2024, shows that the challenged judgment contains the following handwritten notation: "Tenant to vacate by 8-31-24[;] if not eviction granted and writ to be issued."

"[A] final judgment cannot be conditional upon future or uncertain events." *Clarent Energy Servs., Inc. v. Leasing Ventures, LLC*, No. 01-18-00036-CV, 2018 WL 4087003, at *1 (Tex.

App.—Houston [1st Dist.] Aug. 28, 2018, no pet.) (per curiam) (mem. op.). "A judgment must be definite to be final, and a conditional order, therefore, is not final for purposes of appeal." *See, e.g.*, *In re Guardianship of Bernsen*, No. 13-20-00241-CV, 2020 WL 4812639, at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 13, 2020, no pet.) (mem. op.).

The handwritten notation in the challenged judgment conditions the judgment on a future event—i.e., whether appellant vacated the premises after the judgment was signed. Because the judgment is therefore conditional rather than final, on September 20, 2024, we abated this appeal and remanded this cause to the trial court. We ordered appellant to ensure that a supplemental clerk's record with a final, appealable judgment was filed in this court by October 21, 2024. We cautioned appellant that if she failed to cure the jurisdictional defect as ordered, we would reinstate this appeal and dismiss it for want of jurisdiction without further notice. *See* TEX. R. APP. P. 42.3(a).

Appellant did not respond to our September 20, 2024 order, and no supplemental clerk's record was filed. Accordingly, we reinstate this appeal and dismiss it for want of jurisdiction.

PER CURIAM